```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**VICTORY LANE PRODUCTIONS, LLC,**
**A MISSISSIPPI LIMITED LIABILITY COMPANY**                          **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:04CV819-WHB-AGN**

**PAUL, HASTINGS, JANOFSKY & WALKER, LLP,**
**A CALIFORNIA LIMITED LIABILITY PARTNERSHIP,**
**AND CLAUDIA CALLAWAY, AN INDIVIDUAL**                              **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the following Motions:

1)  Plaintiff's Motion to Strike Defendants' Designation of Expert Witnesses and to Exclude Defendants' Expert Witness Testimony at Trial; and

2)  Defendants' Motion to Allow Supplemented Expert Disclosure.

Having considered the Motions, Responses, Rebuttals and all attachments to each, as well as supporting and opposing authority, the Court finds that:

1)  Plaintiff's Motion to Strike Defendants' Designation of Expert Witnesses and to Exclude Defendants' Expert Witness Testimony at Trial is not well taken and should be denied; and

2)  Defendants' Motion to Allow Supplemented Expert Disclosure is well taken and should be granted.

**I.  Factual Background and Procedural History**

This cause of action arises out of a legal representation gone awry.  Before exploring the details of that representation, underlying facts must be set forth.

Plaintiff Victory Lane Products, LLC (hereinafter "Victory Lane") was formed for the purpose of "selling certain NASCAR collectibles, specifically, model bass trophy fish bearing the racecar number and colors of various NASCAR drivers." Complaint, p. 2, ¶ 4.  The product was dubbed "Fast Bass."  In Fall of 1999, Victory Lane contracted with North Carolina based Morton Custom Plastics, Inc. (hereinafter "Morton") to produce the Fast Bass.  At some time prior to January of 2001, Victory Lane believed that Morton was in breach of that contract, and began considering its legal options.  The role of Defendants began at this point.

Defendant Paul, Hastings, Janofsky & Walker, LLP (hereinafter "Paul Hastings") is a law firm.  Defendant Claudia Callaway is an attorney with Paul Hastings.  In January of 2001, Victory Lane contracted with Paul Hastings to represent it in a breach of contract suit against Morton.  Paul Hastings, on behalf of Victory Lane, filed suit against Morton on January 30, 2001, in the Circuit Court of Rankin County, Mississippi (hereinafter "underlying suit"), and it was later removed to this Court.  Callaway took the lead role in prosecuting the underlying breach of contract suit.

Attorney Erin Lane of Paul Hastings also played a significant role in the representation.

After the underlying suit was filed, Morton initiated a separate suit against Victory Lane in the Circuit Court of Cabarrus County, North Carolina (hereinafter "North Carolina suit"). Through that suit, Morton sought payment for services rendered to Victory Lane pertaining to production of the Fast Bass. Victory Lane fell into default in the North Carolina suit. However, after Paul Hastings was retained as counsel in the North Carolina Suit, it was successful in having that suit stayed pending resolution of the underlying suit.

Litigation of the underlying suit appeared to proceeded along a normal course until September 11, 2002, at least from the perspective of Victory Lane. On that date, a mediation of the claims occurred. During the mediation, counsel for Morton alleged a conflict of interest on the part of Paul Hastings. The conflict of interest was based on the representation of GECC, Inc. (hereinafter "GECC") by Paul Hastings. GECC was a substantial creditor of Morton, and in fact, Paul Hastings represented GECC in structuring a credit agreement with Morton in March of 1999. In March of 2002, Paul Hastings again represented GECC in restructuring the 1999 credit agreement with Morton.

The representation of both Victory Lane and GECC on issues adverse to Morton forms the basis of the claims in the subject Complaint.  Victory Lane alleges:

> Despite the conflict of interest between its clients, defendants PAUL HASTINGS and CALLAWAY failed to advise [VICTORY LANE] of the conflict, the circumstances involving their representation of the two clients with interests adverse to each other, and the irreconcilable position they were in.  Instead, PAUL HASTINGS and CALLAWAY continued to conceal the known irreconcilable conflict from [VICTORY LANE], continued to bill and collect legal fees from [VICTORY LANE], and continued to advise and assert their influence over [VICTORY LANE] in connection with the prosecution of the litigation against [MORTON], all to the detriment of [VICTORY LANE].

Complaint, p. 4, ¶ 11.  The alleged "irreconcilable conflict" was based on the dire financial condition of Morton, which placed Paul Hastings in the conflicted position of pursuing and collecting a judgment for Victory Lane against Morton from a limited pool of funds, and collecting on a credit agreement between GECC and Morton from the same limited fund pool.

After one or more continuations, the trial of the underlying suit was set to begin on November 4, 2002.  However, on or about November 1, 2002, Morton filed a petition in bankruptcy, which allegedly rendered the claims of Victory Lane against Morton practically valueless.  Paul Hastings represented GECC in the Morton bankruptcy proceeding.  Based at least in part on the ongoing bankruptcy proceeding, the parties agreed to entry of a Final Judgment which dismissed the underlying suit without prejudice.  The Judgment was entered on February 28, 2002.

Contending that it was damaged by the failure of Paul Hastings to disclose the above described conflict of interest, Victory Lane filed the subject suit in the Circuit Court of Rankin County, Mississippi on August 31, 2004. The claims asserted in the Complaint are: count one, breach of contract; count two, professional negligence; count three, breach of fiduciary duty; and count four, fraud and suppression of material facts. Victory Lane seeks an unspecified amount of compensatory and punitive damages.

On October 6, 2004, Defendants removed the case to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332. Defendants filed a Counter-Claim against Victory Lane on October 28, 2004. The claims in the Counter-Claim are: count one, breach of contract for failure to pay expenses and attorney's fees; and count two, quantum meruit for failure to pay attorney's fees. The unpaid fees purportedly still owed to Paul Hastings amount to $135,625.10.[1]

Plaintiff's Motion to Strike Expert Designation and Defendants' Motion to Supplement Expert Designation were filed on October 27, 2005, and December 21, 2005, respectively. These Motions are now ripe for decision.

---

[1] Victory Lane has paid legal fees and expenses of $60,000.00 to Paul Hastings.

## II.  Analysis

**A.  Plaintiff's Motion to Strike Defendants' Designation of Expert Witnesses and to Exclude Defendants' Expert Witness Testimony at Trial**

Through the Motion to Strike, Victory Lane seeks to strike the expert designations of Timothy L. Hall and Alex A. Alston, and to preclude their testimony at the trial of this cause.  Both Hall and Alston are attorneys.  They were designated as experts by Defendants on August 3, 2005.  Complete electronic copies of both of the expert reports were filed with the Clerk of the Court under docket entry no. 39.  The essence of the proposed testimonies of Hall and Alston is that no conflict of interest was created by the representation of both Victory Lane and GECC by Paul Hastings.

The admission of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.

> Rule 702 states:
>
> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Guy v. Crown Equip. Corp., 394 F.3d 320, 325 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit held that in deciding the admissibility of expert testimony, "the court must ensure the expert uses reliable methods to reach his

opinions; and those opinions must be relevant to the facts of the case." Quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Guy court went on to state a nonexclusive list of factors to consider in determining the reliability of proposed expert testimony. The factors are "whether the proposed evidence or theory 'can be (and has been) tested'; whether it 'has been subjected to peer review and publication'; whether it has been evaluated in the light of 'potential rate[s] of error'; and whether the theory has been accepted in the 'relevant scientific community'." Guy, 394 F.3d at 325 (citing Daubert, 509 U.S. at 593-94). Analysis of whether proposed expert testimony is reliable "must remain flexible: not every Daubert factor will be applicable in every situation; and a court has discretion to consider other factors it deems relevant." Id. (citation omitted).

Victory Lane contends that the expert designations of Hall and Alston should be stricken because: (1) they are based on speculation; (2) the methodology underlying their opinions is not stated; (3) the methodology underlying their opinions has not been subjected to peer review; and (4) the testimony is irrelevant. The Court finds that the opinions are sufficiently explained to overcome Plaintiff's arguments based on speculation and failure to state the methodology underlying the opinions. Regarding Plaintiff's peer review argument, the Court finds that this factor

is of minimal importance under the purview of the facts and issues in this case.  The final argument, that the opinions are irrelevant, is also without merit.  See Geiserman v. MacDonald, 893 F.2d 787, 793-94 (5th Cir. 1990)(citations omitted)(stating that in legal malpractice cases, expert testimony is usually required to establish "whether the defendant comported to the prevailing legal standard" and to address the issues of breach of a fiduciary duty and conflict of interest); Montgomery v. Woolbright, 904 So.2d 1027, 1030 (Miss. 2004)(holding that "expert testimony is required in order to prove professional negligence" in a legal malpractice case).

Victory Lane also argues that Hall is unqualified as an expert because he is not licensed to practice law in the State of Mississippi.  As pointed out by Defendants and as recognized by the Court, Hall is a well respected and long-standing professor of law at the University of Mississippi School of Law.  Hall is clearly qualified to testify as an expert in the field of law.  Plaintiff's argument on this issue is rejected.

For all of the reasons stated above, the Court finds that Plaintiff's Motion to Strike Defendants' Designation of Expert Witnesses and to Exclude Defendants' Expert Witness Testimony at Trial is not well taken and should be denied.

**B.   Defendants' Motion to Allow Supplemented Expert Disclosure**

The discovery deadline in this case was extended by order of this Court. During the extended discovery period, several depositions were conducted. Defendants now seek to supplement their expert designations to address information revealed or clarified during the depositions. The Court has reviewed the proposed supplements. They do not represent changes of expert opinions, but merely supplemental backup information pertaining to opinions already rendered.

Under these facts, the Court finds that supplementation of the expert opinions will not prejudice Plaintiffs. Accordingly, the Motion to Supplement should be granted. However, in the interest of protecting Plaintiff's rights in this case, Plaintiff will be allowed until **Friday, February 3, 2006**, to conduct an additional deposition of each of Defendants' two expert witnesses.

### III.   Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendants' Designation of Expert Witnesses and to Exclude Defendants' Expert Witness Testimony at Trial (docket entry no. 57) is hereby denied.

IT IS FURTHER ORDERED that Defendants' Motion to Allow Supplemented Expert Disclosure (docket entry no. 70) is hereby granted.

IT IS FURTHER ORDERED that Plaintiff will be allowed until **Friday, February 3, 2006**, to conduct one additional deposition of each of Defendants' two expert witnesses.

SO ORDERED this the 12th day of January, 2006.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

tct